# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-04-00184-CV

---

**Dovie Matthews, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 172,914-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment terminating the parental rights of Dovie Matthews to her two daughters, L.M. and A.W. The Texas Department of Protective and Regulatory Services removed the children from Matthews's custody on December 4, 1998, after A.W. sustained multiple fractures to her left leg that were alleged to have been caused either by Matthews or her boyfriend. The Department thereafter entered into an agreed order with Matthews requiring her to meet certain conditions regarding her fitness as a parent and her home environment in order to regain custody of L.M. and A.W. The Department ultimately concluded that Matthews was unwilling or unable to comply with these conditions and sought to terminate Matthews's parental rights. In March 2004, the district court terminated Matthews's parental rights.

On appeal, Matthews's appointed counsel filed an *Anders* brief stating that, after a thorough review of the record, he determined that this appeal is frivolous.[1] The brief presents a professional evaluation of the record demonstrating why there are no arguable grounds for reversal. A copy of this brief was delivered to Matthews, who was notified of her right to seek other counsel or file a *pro se* brief. She has done neither. The Department has not filed an appellee's brief.

---

[1] "*Anders* brief" refers to a brief filed in accordance with *Anders v. California*, 386 U.S. 738, 741-44 (1967). In *Anders*, the United States Supreme Court held that a court-appointed defense attorney in a criminal case who determines, after fully examining the record, that an appeal is wholly frivolous and without merit must so advise the appellate court and then set forth any potential points of error and applicable law that might arguably support the appellant's position. Several of our sister courts of appeals have acknowledged that *Anders* briefs may be appropriate in parental termination cases. *See In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Porter v. Texas Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.); *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, no pet.); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.); *In re A.W.T.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). Likewise, this Court has considered the *Anders* procedure in unpublished termination cases. *See Prewitt v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-01-00648-CV, 2002 Tex. App. LEXIS 7765 (Tex. App.—Austin Oct. 31, 2002, no pet.) (not designated for publication); *Behrends v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-01-00614-CV, 2002 Tex. App. LEXIS 4463 (Tex. App.—Austin June 21, 2002, no pet.) (not designated for publication).

Although the Texas Supreme Court has not yet squarely addressed this issue, the rationales of some of its recent decisions suggest that *Anders* briefs are permissible in parental termination cases. In *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003), the court held that the Sixth Amendment right to counsel applied in parental termination cases. In *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998), the court extended *Anders* to juvenile delinquency proceedings on the basis that their quasi-criminal nature implicated the Sixth Amendment right to counsel. The rationale of *D.A.S.*—that *Anders* applied to appointed counsel in non-criminal contexts where the Sixth Amendment is implicated—would seemingly also extend to termination cases, as *M.S.* held that the Sixth Amendment applies in those proceedings.

We have reviewed the record, and agree with counsel's assessment that the appeal is frivolous and without merit.  We accordingly affirm the trial court's judgment and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   February 17, 2005