# NO. 12-16-00178-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | *§* | *APPEAL FROM THE* |
| *E.H. AND D.S.,* | *§* | *COUNTY COURT AT LAW NO. 2* |
| *CHILDREN* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

T.S. and D.S. appeal the termination of their parental rights. The parents' counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

T.S. is the mother and D.S.[1] is the father of E.H., born July 29, 2013, and D.S.1, born October 11, 2014.[2] On March 19, 2015, the Department of Family and Protective Services (the Department) filed an original petition for protection of the children, for conservatorship, and for termination of T.S.'s and D.S.'s parental rights. The Department was appointed temporary managing conservator of the children, and T.S. was appointed temporary possessory conservator with limited rights and duties.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that T.S. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), (N), and (O) of Texas Family Code

---

[1] The initials of the father and his youngest child are the same. Therefore, we will refer to the father as D.S. and to his youngest child as D.S.1.

[2] J.L.S. is the presumed father of the children because he was married to their mother, T.S., when the children were born. However, on April 8, 2016, he signed an affidavit of voluntary relinquishment of parental rights to the children. The trial court ordered that the parent-child relationship between J.L.S. and the children be terminated.

Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between T.S. and the children is in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between T.S. and the children be terminated.

The trial court found that D.S. is, and adjudicated him to be, the father of E.H. and D.S.1. Then, the trial court found, by clear and convincing evidence, that D.S. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D) and (E) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between D.S. and the children is in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between D.S. and the children be terminated. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

T.S. and D.S.'s counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[3] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied).

---

[3] Counsel for T.S. and D.S. certified that he provided them with a copy of his brief and informed them that they had the right to file their own briefs. T.S. and D.S. were given time to file their own briefs, but the time for filing such briefs has expired and we have received no pro se briefs.

**DISPOSITION**

We agree with T.S. and D.S.'s counsel that the appeal is wholly frivolous. In accordance with *In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016), counsel has not moved to withdraw. In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at *3. Accordingly, counsel's obligation to T.S. and D.S. has not yet been discharged. *See id*. If T.S. and D.S., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*; *see also A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet. h.). Accordingly, we *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered October 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2016

NO. 12-16-00178-CV

IN THE INTEREST OF E.H. AND D.S., CHILDREN

Appeal from the County Court at Law No 2

of Angelina County, Texas (Tr.Ct.No. CV-00202-15-03)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*