61 S.W.3d 632 (2001)
In the Interest of K.S.M., A Child.
No. 12-00-00231-CV.
Court of Appeals of Texas, Tyler.
September 19, 2001.
Kirkland Warren, for appellant.
Ed Marty, Tyler, for State.
Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.
WORTHEN, Justice.
Appellant Kirkland Warren's parental rights were terminated as to his daughter, K.S.M. Appellant's counsel had filed an Anders brief, although there is no Texas authority to do so. We affirm.
Appellant's counsel, in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex.Crim. App.1969), states that he has diligently reviewed the appellate record and is of the *633 opinion that the record reflects no reversible error and there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807 (Tex.Crim.App.1978), Appellant's brief presents a chronological summation of the procedural history of the case, and a discussion of the termination hearing, and further states that Appellant's counsel is unable to present any arguable points of error.[1]
In the past, Anders briefs have been limited to criminal cases, as in Gainous. But in 1998, the Texas Supreme Court extended Anders to the civil realm, allowing attorneys to file Anders briefs in juvenile delinquency proceedings. See In Re D.A.S., 973 S.W.2d 296, 299 (Tex.1998). However, the issue of whether the Anders procedure applies to parental termination cases is one of first impression in this court. Of the nine states that have considered the issue, six currently apply Anders to parental termination appeals. See In re V.G., D.K. and P.K., 751 A.2d 1174 (Pa.Super.2000); In re Keishon M., 2000 WL 1434145 (Ohio Ct.App.2000); In Re S.M., 314 Ill.App.3d 682, 247 Ill.Dec. 424, 732 N.E.2d 140 (2000); In Re D.C. and L.C., 963 P.2d 761 (Utah Ct.App.1998); In Re L.M., R.I., A.I. and T.I., 164 Wis.2d 751, 477 N.W.2d 364 (Ct.App.1991)(not designated for publication); In Re Jamie C, 1990 Conn.Super. LEXIS 1869 (Conn.Ct. App.1990)(not designated for publication); but see In Re Sade C., 13 Cal.4th 952, 55 Cal.Rptr.2d 771, 920 P.2d 716 (1996); In Re Adrian T. Hall, 99 Wash.2d 842, 664 P.2d 1245 (1983); Denise H. v. Ariz. Dept. of Econ. Security, 193 Ariz. 257, 972 P.2d 241 (Ct.App.1998).
In Anders, the United States Supreme Court addressed the responsibilities of appointed counsel who has concluded that an indigent client's criminal appeal is frivolous. Recognizing the need to safeguard both a criminal defendant's constitutional right to counsel and the appointed counsel's obligation not to bring frivolous claims before a court, the Court set forth a procedure appointed counsel must follow in such cases. Anders, 386 U.S. at 744-45, 87 S.Ct. at 1400.
The case before us differs from an Anders case because appeals from orders terminating parental rights are civil rather than criminal. The minority jurisdictions, which we cited above, argue that the right of concern in Anders is the federal constitutional right to counsel in criminal cases. In contrast, the right involved in a parental termination case is based solely in state law. See In Re Adrian T. Hall, 664 P.2d at 1248. We find this argument unpersuasive. Like indigent criminal appellants, indigent appellants challenging an order terminating their parental rights enjoy a right to counsel on appeal. See Tex. Fam.Code Ann. § 107.013(a) (Vernon Supp.2001)(providing that "[i]n a suit in which termination of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent the interests of: (1) an indigent parent of the child who responds in opposition to the termination ..."); In Re T.V., 8 S.W.3d 448, 449 (Tex.App.-Waco 1999, no pet.)(rights of indigent parents whose parental rights are in jeopardy of being terminated are not adequately protected if such parents are required to pursue an appeal without an attorney, even though the statute regarding appointment of counsel for indigent parents *634 does not expressly provide for representation on appeal).
In addition, the difference in the nature of the case, i.e., civil rather than criminal, makes no difference in the duties court-appointed counsel owes his or her client. From counsel's perspective, counsel's duty to competently and diligently represent the client is exactly the same in a civil appeal from an order terminating parental rights as in an appeal from a criminal conviction. See Tex.R. Disciplinary P. 3.01, reprinted in Tex. Gov't Code Ann., tit 2, subtit. G app. A Art. 10 § 9 (Vernon 1998)(prohibiting a lawyer from bringing or defending a proceeding, or asserting or controverting an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous). Moreover, in both criminal and parental termination cases, counsel may conclude, after thoroughly and conscientiously examining the case, that a case lacks any non-frivolous issues for appeal. Despite the civil or criminal nature of the appeal, counsel in such a situation faces the same dilemma of having to diligently represent the indigent client who wants to appeal while still complying with counsel's other ethical duties as a member of the Bar. For these reasons, we hold that when appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an Anders-type brief. Pursuant to our above holding, we accept counsel's Anders brief. As has counsel in the instant case, we have reviewed the record for reversible error and have found none.
As required by Stafford v. State, 813 S.W.2d 503 (Tex.Crim.App.1991), Appellant's counsel has moved for leave to withdraw. We carried the motion for consideration with the merits of the appeal. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby granted and the judgment of the trial court is affirmed.
NOTES
[1] Counsel for Appellant provided Appellant with a copy of his brief and Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and we have received no pro se brief.