# NO. 12-13-00388-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | *§* | *APPEAL FROM THE* |
| *OF C. W. E.,* | *§* | *COUNTY COURT AT LAW* |
| *A CHILD* | *§* | *CHEROKEE COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

W.E. appeals the termination of his parental rights. W.E.'s counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

W.E. is the father of C.W.E, born May 31, 2011. On July 2, 2012, the Department of Family and Protective Services (the Department or CPS) filed an original petition for protection of C.W.E., for conservatorship, and for termination of the parental rights of W.E. and of S.F., the child's mother. The Department was appointed temporary managing conservator of the child, and W.E. and S.F. were appointed temporary possessory conservators.

At the conclusion of the trial on the merits, the trial court found by clear and convincing evidence that W.E. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights. Specifically, the court found that W.E. had (1) knowingly placed or knowingly allowed C.W.E. to remain in conditions or surroundings that endangered her physical or emotional well being; (2) engaged in conduct or knowingly placed C.W.E. with persons who engaged in conduct that endangered her physical or emotional well being; (3) failed to comply with a court order that established the actions necessary to obtain the return of his child; and (4) used a controlled substance in a manner that endangered C.W.E.'s health or safety

and failed to complete a court-ordered substance abuse program or continued to abuse a controlled substance after completion of such a program. The trial court further found that termination of the parent-child relationship was in the child's best interest.

Based on these findings, the trial court ordered that the parent-child relationship between W.E. and C.W.E. be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

W.E.'s counsel filed a brief in compliance with *Anders*, stating that he reviewed and considered the trial and pretrial record and found no points of reversible error. This court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See* ***In re K.S.M.***, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; ***Mays v. State***, 904 S.W.2d 920, 922-23 (Tex. App.–Fort Worth 1995, no pet.). W.E.'s counsel discussed various possible issues for appeal, and then explained why these issues are without merit.

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See* ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); ***Mays***, 904 S.W.2d at 923. We have carefully reviewed the appellate record and W.E.'s counsel's brief. We agree that the appeal is wholly frivolous and without merit, and find nothing in the record that might arguably support the appeal.[1] *See* ***Taylor v. Tex. Dep't of Protective & Regulatory Servs.***, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

## DISPOSITION

As required, W.E.'s counsel has moved for leave to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. We are in agreement with W.E.'s counsel that the appeal is wholly

---

[1] Counsel for W.E. certified that he provided W.E. with a copy of his brief and informed him that he had the right to file his own brief. W.E. was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

frivolous. Accordingly, we ***grant*** his motion for leave to withdraw, and ***affirm*** the trial court's judgment. TEX. R. APP. P. 43.2.

Opinion delivered June 11, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 11, 2014

### NO. 12-13-00388-CV

### IN THE INTEREST OF C. W. E., A CHILD

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 2012-07-0507)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*