

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00225-CV

**IN THE INTEREST OF M.A.**, et al., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01618
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: July 2, 2014

DISMISSED FOR WANT OF PROSECUTION

In this accelerated appeal, on February 19, 2014, the trial court signed an order terminating Appellant Judith Reyes's parental rights. A notice of appeal was due on March 11, 2014. *See* TEX. R. APP. P. 26.1(b). On March 19, 2014, Appellant filed an untimely pro se notice of appeal. On April 14, 2014, we ordered Appellant to file a written response not later than April 24, 2014, presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.* R. 26.3, 10.5(b)(1)(C). *See generally Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (requiring courts to imply a motion for extension of time in certain circumstances). We warned Appellant that if she failed to respond within the time provided, this appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). This court's order was mailed to Appellant but was returned. On

May 5, 2014, after this court was advised that Appellant had court-appointed counsel, we sent counsel our April 14, 2014 order.

On May 13, 2014, after this court received no response to our April 14, 2014 order from Appellant or counsel, we ordered Appellant to show cause in writing not later than May 23, 2014, why this appeal should not be dismissed for want of prosecution. *See* TEX. R. APP. P. 26.1(a), 42.3(b). We ordered Appellant to include a reasonable explanation for Appellant's failure to timely file her notice of appeal. *See id.* R. 26.3, 10.5(b)(1)(C); *Verburgt*, 959 S.W.2d at 617. We warned Appellant that if she failed to show cause as ordered, her appeal would be dismissed without further notice. *See* TEX. R. APP. P. 42.3(b), (c).

After we received no response to our orders of April 14 and May 13, 2014, on May 29, 2014, we remanded this cause to the trial court and ordered it to hold an abandonment hearing. Because "involuntary termination of parental rights involves fundamental constitutional rights," *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (internal quotation marks omitted); *accord In re J.F.C.*, 96 S.W.3d 256, 302 (Tex. 2002), we directed the trial court to look to the abandonment procedures for criminal cases for guidance in this circumstance, *see, e.g.*, TEX. R. APP. P. 38.8(b); *see also* TEX. FAM. CODE ANN. § 107.013 (West 2014) (requiring the trial court to appoint counsel to represent an indigent parent in a parental termination case); *In re K.S.M.*, 61 S.W.3d 632, 633 (Tex. App.—Tyler 2001, no pet.) ("Like indigent criminal appellants, indigent appellants challenging an order terminating their parental rights enjoy a right to counsel on appeal."). We ordered the trial court to conduct a hearing to answer the following questions:

(1) Does Appellant desire to prosecute her appeal?

(2) Why was the notice of appeal not timely filed?

(3) Has appointed counsel abandoned the appeal?

The trial court conducted the hearing as ordered. Though each had been provided notice of the trial court's show cause hearing, neither Appellant nor her counsel appeared. The court reporter filed a record of the hearing, and the trial court clerk filed the court's findings of facts and conclusions of law. The trial court concluded that Appellant "is not indigent and had a retained lawyer throughout this lawsuit." It further concluded that Appellant "has abandoned her appeal and has taken no steps to further the appeal and has failed to respond to the show cause hearing or to orders from the Court of Appeals."

Therefore, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c); *Kahanek v. Gross*, No. 04-05-00106-CV, 2005 WL 1277745, at *1 (Tex. App.—San Antonio June 1, 2005, no pet.) (mem. op.) (dismissing an appeal for failure to comply with a court order).

PER CURIAM