# NO. 12-14-00173-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF M. L. H.-M.,* | § | *APPEAL FROM THE* |
| *A CHILD* | § | *COUNTY COURT AT LAW* |
| | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION ON REHEARING*

B.M. filed a motion for rehearing of our November 12, 2014 opinion, which we have granted. We withdraw our opinion and judgment on original submission, and substitute the following opinion and judgment.

B.M. appeals the termination of his parental rights. B.M.'s counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). B.M. filed a pro se brief. We affirm.

### BACKGROUND

B.M. is the father of M.L.H.-M., born May 31, 2013. V.H. is the mother of M.L.H.-M. and is not a party to this appeal. On June 3, 2013, the Department of Family and Protective Services (the Department) filed an original petition for protection of M.L.H.-M., for conservatorship, and for termination of B.M.'s parental rights. The Department was appointed temporary managing conservator of the child, and B.M. was appointed temporary possessory conservator with limited rights and duties.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that B.M. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights. The trial court also found that termination of the parent-child relationship between B.M. and M.L.H.-M. was in the child's best interest. Based on these

findings, the trial court ordered that the parent-child relationship between B.M. and M.L.H.-M. be terminated.  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

B.M.'s counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  This court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination.  *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.).  In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

In B.M.'s pro se brief, he argues that the trial court abused its discretion by issuing a temporary order allowing the Department to keep custody and control of the child even though the evidence was insufficient to support a finding of aggravated circumstances, and failing to "immediately" appoint counsel for him after the Department's original petition was filed. He also complains that the Department's caseworker violated the trial court's order regarding proper notification of supervised visitations, causing him to react in negative ways. And finally, he contends that his trial counsel rendered ineffective assistance of counsel at trial and on appeal, arguing that his trial counsel made "no attempt" to find an appellate attorney to represent him and failed to file an effective appeal.

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.  We have carefully reviewed the appellate record, B.M.'s counsel's brief, and B.M.'s pro se brief.  We find nothing in the record that might arguably support the appeal.

### DISPOSITION

As required, B.M.'s counsel has moved for leave to withdraw.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400.  We agree with B.M.'s counsel that the appeal is wholly frivolous.  *See*

*Taylor v. Tex. Dep't of Protective & Regulatory Servs*., 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). Accordingly, we grant his motion for leave to withdraw, and ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

**BRIAN HOYLE**
Justice

Opinion delivered February 27, 2015.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 27, 2015**

**NO. 12-14-00173-CV**

**IN THE INTEREST OF M. L. H.-M., A CHILD**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 2013-06-0390)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*