# NO. 12-15-00179-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 258TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *P.W., A CHILD* | § | *TRINITY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

K.W. appeals the termination of his parental rights. His counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

K.W. is the father of P.W., born July 10, 2009. P.W.'s mother, J.G. aka J.K., is not a party to this appeal. On April 20, 2011, the Department of Family and Protective Services (the Department) filed an original petition for protection of P.W., for conservatorship, and for termination of J.G.'s and K.W.'s parental rights. The Department was appointed temporary managing conservator of the child, and J.G. was appointed temporary possessory conservator with limited rights and duties. On January 17, 2013, the trial court entered a final order in suit affecting the parent-child relationship, appointing the Department as permanent managing conservator of the child. J.G. and K.W. were appointed as possessory conservators of the child with "restricted contact."

On February 20, 2014, the Department filed a petition to modify the final order in suit affecting the parent-child relationship and terminate the parental rights of J.G. and K.W. The Department asserted that the circumstances of the Department, the parents, or the child had materially and substantially changed since entry of the January 2013 order, that J.G.'s and K.W.'s parental rights should be terminated, and that termination was in the best interest of the

child.  At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that J.G. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (N) and (O) of Texas Family Code Section 161.001(1).  The trial court also found, by clear and convincing evidence, that K.W. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (N) and (O) of Texas Family Code Section 161.001(1).  Further, the trial court found that termination of the parent-child relationship between J.G., K.W., and P.W. was in the child's best interest.  Based on these findings, the trial court ordered that the parent-child relationship between J.G., K.W., and P.W. be terminated.  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

K.W.'s counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  This court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination.  *See **In re K.S.M.***, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.).  In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal.  *See **Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; ***Mays v. State***, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See **Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); ***Mays***, 904 S.W.2d at 923.  We have carefully reviewed the appellate record and K.W.'s counsel's brief.  We find nothing in the record that might arguably support the appeal.[1]  *See **Taylor v. Tex. Dep't of Protective & Regulatory Servs***., 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied).

---

[1] Counsel for K.W. certified that he provided K.W. with a copy of his brief and informed him that he had the right to file his own brief. K.W. was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

## DISPOSITION

As required, K.W.'s counsel has moved for leave to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. We agree with K.W.'s counsel that the appeal is wholly frivolous. Accordingly, we **grant** his motion for leave to withdraw and **affirm** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

GREG NEELEY
Justice

Opinion delivered December 16, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 16, 2015**

**NO. 12-15-00179-CV**

**IN THE INTEREST OF P.W., A CHILD**

Appeal from the 258th District Court
of Trinity County, Texas (Tr.Ct.No. 20856)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed;** and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*