# NO. 12-15-00192-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE 392ND* |
| | § | *JUDICIAL DISTRICT COURT* |
| *OF D. D., A CHILD* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

D.C.D. appeals the termination of his parental rights. His counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). D.C.D. filed a pro se brief. We affirm.

## BACKGROUND

A.J. is the mother and D.C.D. is the father of D.D., born December 20, 2013.[1] On January 31, 2014, the Department of Family and Protective Services (the Department) filed an original petition for protection of D.D., for conservatorship, and for termination of A.J.'s and D.C.D.'s parental rights. The Department was appointed temporary managing conservator of the child, and both parents were appointed temporary possessory conservators with limited rights and duties.

At the conclusion of the trial on the merits, the jury found, by clear and convincing evidence, that D.C.D.'s parental rights should be terminated. Thereafter, the trial court found, by clear and convincing evidence, that D.C.D. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (O), and (Q) of

---

[1] A.J.'s appeal of the termination of her parental rights has been delivered by this Court in a separate opinion.

Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between D.C.D. and D.D. is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between D.C.D. and D.D. be terminated. This appeal followed.[2]

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

D.C.D.'s new appointed counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no grounds for reversible error on appeal, and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

In D.C.D.'s pro se brief, he challenges the trial court's termination order and requests that this court allow him to enter into an authorization agreement with his mother, the child's paternal grandmother. D.C.D. states that this authorization agreement would allow the child's paternal grandmother to perform certain acts regarding the child, including authorizing medical treatment, maintaining health insurance, enrolling him in school, and allowing him to participate in extracurricular activities. Further, D.C.D. requests that the paternal grandmother be granted temporary custody, legal guardianship, permanent custody, or be named guardian ad litem of the child.

---

[2] In a prior memorandum opinion of this Court, we abated this appeal, remanded the case to the trial court, and ordered the trial court to appoint new counsel to represent D.C.D. for purposes of determining whether D.D. was an Indian child pursuant to the Indian Child Welfare Act (ICWA). On September 8, 2016, the trial court found that after proper notice to the tribes identified by D.C.D. and A.J., the evidence showed that the child, D.D., is not eligible for membership in these tribes and that the child is not an Indian child within the meaning of the ICWA. *See* 25 U.S.C.A. § 1903(4) (Westlaw through Pub. L. No. 114-244). In accordance with our prior opinion, new appellate counsel was then ordered to review the record and file a brief for D.C.D. in this appeal if the trial court determined that D.D. is not an Indian child.

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record, the briefs filed by D.C.D.'s previous and current attorneys, and D.C.D.'s pro se brief. We find nothing in the record that might arguably support the appeal. *See Taylor v. Tex. Dep't of Protective & Regulatory Servs*., 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied).

## DISPOSITION

We agree with D.C.D.'s counsel that the appeal is wholly frivolous. However, we **deny** counsel's motion to withdraw. *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at *3. Accordingly, counsel's obligation to D.C.D. has not yet been discharged. *See id*. If D.C.D., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*; *see also A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet. h.). Accordingly, we **affirm** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 9, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 9, 2016**

**NO. 12-15-00192-CV**

**IN THE INTEREST OF D. D., A CHILD**

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. 2014B-0084)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*