# NO. 12-18-00116-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | *§* | *APPEAL FROM THE 3RD* |
| *G.S, N.S. AND G.S.* | *§* | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | *§* | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

V.L. and J.S. appeal the termination of their parental rights. V.L. and J.S.'s counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

V.L. is the mother, and J.S. is the father of G.S., N.S., and G.S.1.[1] On October 6, 2016, the Department of Family and Protective Services (the Department) filed an original petition for protection of G.S., N.S., and G.S.1, for conservatorship, and for termination of V.L's and J.S.'s parental rights. The Department was appointed temporary managing conservator of the children, and V.L. and J.S. were appointed temporary possessory conservators with limited rights and duties.

At the conclusion of the trial on the merits, the jury found that the parent-child relationship between V.L., G.S., N.S., and G.S.1 should be terminated, and that the parent-child relationship between J.S., G.S., N.S., and G.S.1 should be terminated. Therefore, the trial court found, by clear and convincing evidence, that V.L. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), (N), and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child

---

[1] The oldest and youngest children have the same initials. We will refer to the youngest child as "G.S.1."

relationship between V.L., G.S., N.S., and G.S.1 is in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between V.L., G.S., N.S., and G.S.1 be terminated.

Further, the trial court found, by clear and convincing evidence, that J.S. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (O), and (Q) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between J.S., G.S., N.S., and G.S.1 is in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between J.S., G.S., N.S., and G.S.1 be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

V.L. and J.S.'s counsel filed a brief in compliance with *Anders*, stating that counsel diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This court previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied).

---

[2] In compliance with *Kelly v. State*, counsel for V.L. and J.S. certified that he provided them with a copy of his brief, informed them of their right to file a pro se response, and took concrete measures to facilitate their review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). V.L. and J.S. were given time to file their own briefs, but the time for filing such briefs has expired and no pro se briefs have been filed.

**DISPOSITION**

We agree with V.L. and J.S.'s counsel that the appeal is wholly frivolous. In accordance with *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016), counsel for V.L. and J.S. moved to withdraw. In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* Accordingly, counsel's obligation to V.L. and J.S. has not yet been discharged. *See id.* If V.L. or J.S., after consulting with counsel, desire to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28; *see also **A.C. v. Tex. Dep't of Family & Protective Servs.**,* No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered October 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 29, 2018**

**NO. 12-18-00116-CV**

**IN THE INTEREST OF G.S, N.S. AND G.S., CHILDREN**

Appeal from the 3rd District Court
of Henderson County, Texas (Tr.Ct.No. FAM16-0775-3)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*