# NO. 12-22-00144-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF D.D.,* | § | *APPEAL FROM THE* |
| *A CHILD* | § | *COUNTY COURT AT LAW* |
| | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

V.W. appeals the termination of her parental rights. Her counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### Background

V.W. is the mother of D.D. and A.D. is the child's father.[1] On September 28, 2021, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of V.W.'s and A.D.'s parental rights. The Department was appointed temporary managing conservator of D.D., and the parents were allowed limited access to, and possession of, D.D.

The evidence at trial showed that V.W. failed to successfully complete a substance abuse counseling program, failed to attend parenting classes, and did not attend individual counseling and a parenting collaboration group. The evidence also showed that V.W. executed an irrevocable affidavit voluntarily relinquishing her parental rights in a previous proceeding brought by the Department, and the trial court overruled V.W.'s objection to consideration of the affidavit.

---

[1] A.D. is not a party to this appeal.

At the conclusion of the trial, the trial court found, by clear and convincing evidence, that V.W. executed an irrevocable affidavit of relinquishment of parental rights and failed to comply with the provisions of a court order that specifically established the actions necessary for V.W. to obtain the return of D.D., and that termination of V.W.'s parental rights is in D.D.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(K), (O), (2) (West 2022). Based on these findings, the trial court ordered that the parent-child relationship between V.W. and D.D. be terminated. This appeal followed.

## <u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

V.W.'s counsel filed a brief in compliance with *Anders*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See **In re K.S.M.***, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2004, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See **Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; ***Mays v. State***, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See **Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); ***Mays***, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See **Taylor v. Tex. Dep't of Protective & Regulatory Servs.***, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

---

[2] Counsel for V.W. certified that he provided V.W. with a copy of the brief and informed her that she had the right to file her own brief and took concrete measures to facilitate her review of the record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); ***In the Matter of C.F.***, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). V.W. was given the time to file her own brief, but the time for filing such a brief has expired, and we have not received a pro se brief.

## DISPOSITION

We agree with V.W.'s counsel that the appeal is wholly frivolous. In ***In re P.M.***, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." ***In re P.M.***, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, counsel's obligations to V.W. have not yet been discharged. *See id*. If V.W., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief." *Id*.; *see **A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered August 10, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 10, 2022**

**NO. 12-22-00144-CV**

**IN THE INTEREST OF D.D., A CHILD**

---

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. FM2100381)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*