# NO. 12-22-00184-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 402ND* |
| *T.W.M., III,* | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

R.B. appeals the termination of her parental rights. R.B.'s counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.3d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

R.B. is the mother of T.W.M., III, and T.W.M., Jr. is the child's father.[1] On September 29, 2021, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of the parental rights of R.B. and T.W.M., Jr. The Department was appointed temporary managing conservator of T.W.M., III, and the parents were allowed limited access to, and possession of, T.W.M., III.

The evidence at trial showed that R.B. used methamphetamine during her pregnancy with T.W.M., III, and she tested positive for methamphetamine when the child was born. R.B. did not complete any of the services required by the family plan of service, as ordered by the trial court, and she was incarcerated at the time of trial. The child is currently placed with a paternal relative who wishes to adopt him, and he is doing well in that placement.

---

[1] T.W.M., Jr. is not a party to this appeal.

At the conclusion of the trial, the trial court found, by clear and convincing evidence, that R.B. knowingly placed or allowed the child to remain in conditions that endangered his physical or emotional wellbeing, knowingly engaged in conduct that endangered the child's physical or emotional wellbeing, constructively abandoned the child, and failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, and that termination of R.B.'s parental rights is in T.W.M, III's best interest. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (N), (O) (West 2022). Based on these findings, the trial court ordered that the parent-child relationship between R.B. and T.W.M, III be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

R.B.'s counsel filed a brief in compliance with *Anders*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

---

[2] Counsel for R.B. certified that he provided R.B. with a copy of the brief and informed her that she had the right to file her own brief and took concrete measures to facilitate her review of the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). R.B. was given the time to file her own brief, but the time for filing such a brief has expired, and we have not received a pro se brief.

## DISPOSITION

We agree with R.B.'s counsel that the appeal is wholly frivolous.[3]  Accordingly, we ***affirm*** the trial court's judgment.  *See* TEX. R. APP. P. 43.2.

Opinion delivered September 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] After filing an ***Anders*** brief, R.B.'s attorney filed a motion to withdraw due to his acceptance of new employment, which created a conflict of interest. We remanded the case to the trial court, and the trial court permitted counsel to withdraw and appointed new appellate counsel for R.B. R.B.'s new appellate counsel has not filed a motion to withdraw. However, even if her counsel had filed a motion to withdraw, we would not grant such a motion because counsel's obligations to R.B. have not yet been discharged. *See **In re P.M.***, 520 S.W.3d 24, 27 (Tex. 2016) (holding that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review."). If R.B., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief." ***Id***.; *see **A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2022**

**NO. 12-22-00184-CV**

**IN THE INTEREST OF T.W.M., III, A CHILD**

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2021-332)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*