# NO. 12-23-00052-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF J. W., JR. AND J. W., CHILDREN* | § | *APPEAL FROM THE COUNTY* |
| | § | *COURT AT LAW* |
| | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

T.A. appeals the termination of her parental rights. T.A.'s counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

T.A. is the mother of J.W., Jr. and J.W. On February 24, 2021, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of the parental rights of T.A. The Department was appointed temporary managing conservator of the children, and T.A. was allowed limited access to, and possession of, the children.

The evidence at trial showed that T.A. used marijuana during her pregnancy with J.W., Jr. Both T.A. and one-year-old J.W. tested positive for marijuana during the pendency of the case, and T.A. tested positive for alcohol at least twice. T.A. failed to maintain stable housing, and her apartment lacked electricity for a few months. T.A. failed to maintain employment and to provide verification that she had done so. In addition, T.A. did not provide diapers for the children, failed to refrain from consuming alcohol, and did not participate in all required

services. The evidence also showed that the children were exposed to family violence. Moreover, the children are doing well with their foster family, and their foster parents want to adopt them.

At the conclusion of the trial, the trial court found, by clear and convincing evidence, that T.A. knowingly placed or allowed the children to remain in conditions that endangered their physical or emotional wellbeing, knowingly engaged in conduct that endangered the children's physical or emotional wellbeing, and failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O) (West 2022). The trial court also found, by clear and convincing evidence, that termination is in the best interest of the children. Based on these findings, the trial court ordered that the parent-child relationship between T.A. and the children be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

T.A.'s counsel filed a brief in compliance with *Anders*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[1] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

---

[1] Counsel for T.A. certified that he provided T.A. with a copy of the brief and informed her that she had the right to file her own brief and took concrete measures to facilitate her review of the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1

We agree with T.A.'s counsel that the appeal is wholly frivolous.[2] Accordingly, we affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

(Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). T.A. was given the time to file her own brief, but the time for filing such a brief has expired, and we have not received a pro se brief.

[2] After filing an *Anders* brief, T.A.'s attorney filed a motion to withdraw. However, counsel's obligations to T.A. have not yet been discharged. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding that the right to counsel in suits seeking termination of parental rights extends "to all proceedings in [the Texas Supreme Court], including the filing of a petition for review."). If T.A., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id*. at 27-28; *see A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2023**

**NO. 12-23-00052-CV**

**IN THE INTEREST OF J. W., JR. AND J. W., CHILDREN**

Appeal from the County Court at Law
of Anderson County, Texas (Tr.Ct.No. CCL-21-17147)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and J., Neeley*