# NO. 12-24-00178-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| *S. W., JR., III, A CHILD* | § | *COUNTY COURT AT LAW NO. 1* |
| | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

S.W.II appeals the termination of his parental rights. His counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

S.W.II is the father and C.H. is the mother of S.W.III.[1] On July 27, 2018, the Department of Family and Protective Services (the Department) filed an original petition for protection of S.W.III, for conservatorship, and for termination of S.W.II's and C.H.'s parental rights. The trial court named the Department as temporary managing conservator and created family service plans. On August 23, 2019, the Department was named permanent managing conservator, and the parents were named possessory conservators in a final order. A new family service plan was created on September 28, 2020. The Department then filed a petition to modify and requested the parents' rights be terminated.

---

[1] The child is referenced throughout the record as either S.W., Jr., S.W.III, or S.W. Jr, III. For consistency, we reference the child as S.W.III in this opinion. C.H. is not a party to this appeal.

At the bench trial, which S.W.II failed to attend, the evidence showed that S.W.II tested positive for methamphetamine at the original removal. S.W.II completed the requested psychological assessment in November 2018, which resulted in recommendations for individual counseling, group counseling, and parenting classes. He attended individual counseling but was ultimately unsuccessfully discharged. He also attended one session with a drug counselor who recommended in-patient rehabilitation. S.W.II was inconsistent in complying with requested drug testing and failed to appear for testing since February 2022. The last hair follicle test he took in 2021 was positive. In July 2023, S.W.II's visitation was suspended for failing to visit S.W.III. The evidence further showed that S.W.II failed to provide financial assistance to S.W.III aside from buying groceries on a monitored return.

At the conclusion of trial, the trial court found, by clear and convincing evidence, that S.W.II engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (N), (O), and (P) of Texas Family Code Section 161.001(b). The trial court also found that termination of the parent-child relationship between S.W.II and S.W.III is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between S.W.II and S.W.III be terminated. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

S.W.II's counsel filed a brief in compliance with **Anders**, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court previously held that **Anders** procedures apply in parental rights termination cases when the Department has moved for termination. *See **In re K.S.M.**,* 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with **Anders**, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See **Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; ***Mays v. State***, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See **Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); ***Mays***, 904 S.W.2d at 923. We carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might

arguably support the appeal.[2]  *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

<b>DISPOSITION</b>

We agree with S.W.II's counsel that the appeal is wholly frivolous.[3]  Accordingly, we *affirm* the trial court's judgment.  *See* TEX. R. APP. P. 43.2.

<u><b>GREG NEELEY</b></u><br>Justice

Opinion delivered August 7, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Counsel for S.W.II certified that he provided S.W.II with a copy of the brief and informed him that he had the right to file his own brief and took concrete measures to facilitate his review of the record.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.).  S.W.II was given the time to file his own brief, but the time for filing such a brief expired, and we have not received a pro se brief.

[3] After filing an *Anders* brief, S.W.II's attorney filed a motion to withdraw.  However, counsel's obligations to S.W.II have not yet been discharged.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding that the right to counsel in suits seeking termination of parental rights extends "to all proceedings in [the Texas Supreme Court], including the filing of a petition for review.").  Thus, we deny counsel's motion to withdraw.  If S.W.II, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id*. at 27-28; *see A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 7, 2024**

**NO. 12-24-00178-CV**

**IN THE INTEREST OF S. W., JR., III, A CHILD**

Appeal from the County Court at Law No. 1

of Henderson County, Texas (Tr.Ct.No. FAM18-0590-CC1)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*