# NO. 12-17-00248-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF H.R.,* | § | *APPEAL FROM THE 411TH* |
| *A CHILD* | § | *JUDICIAL DISTRICT COURT* |
|  | § | *TRINITY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

S.M. appeals the termination of her parental rights. S.M.'s counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

S.M. is the mother, and J.R.[1] is the father of H.R. On November 17, 2015, the Department of Family and Protective Services (the Department) filed an original petition for protection of H.R., for conservatorship, and for termination of S.M.'s and J.R.'s parental rights. The Department was appointed temporary managing conservator of the child, and S.M. and J.R. were granted limited access to and possession of the child.

At the conclusion of the trial on the merits, the jury found, by clear and convincing evidence, that S.M.'s parental rights should be terminated. Based on the jury's findings, the trial court found, by clear and convincing evidence, that S.M. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E),

---

[1] At the conclusion of the trial, the jury found that J.R.'s parental rights should be terminated. Based on the jury's findings, the trial court found, by clear and convincing evidence, that J.R. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (N) and (O) of Texas Family Code section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between J.R. and H.R. is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between J.R. and H.R. be terminated. J.R. is not a party to this appeal.

(N) and (O) of Texas Family Code section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between S.M. and H.R. is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between S.M. and H.R. be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

S.M.'s counsel filed a brief in compliance with *Anders*, stating that counsel has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs*., 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

## DISPOSITION

We agree with S.M.'s counsel that the appeal is wholly frivolous. In accordance with *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016), counsel for S.M. has not moved to withdraw. Accordingly, counsel's obligation to S.M. has not yet been discharged. *See id*. If S.M., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See*

---

[2] Counsel for S.M. certified that she provided her with a copy of her brief and informed her that she had the right to file her own brief. S.M. was given time to file her own brief, but the time for filing such brief has expired and we have received no pro se brief.

*id.* at 27-28; *see also **A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered January 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2017**

**NO. 12-17-00248-CV**

## IN THE INTEREST OF H.R., A CHILD

Appeal from the 411th District Court
of Trinity County, Texas (Tr.Ct.No. 22098)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*