# NO. 12-18-00131-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF F.R.G.* | *§* | *APPEAL FROM THE* |
|  | *§* | *COUNTY COURT AT LAW* |
| *AND N.A.G., CHILDREN* | *§* | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

F.G. appeals the termination of his parental rights. His counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

F.G. and C.G. are the parents of F.R.G. and N.A.G. On April 26, 2017, the Department of Family and Protective Services (the Department) filed an original petition for protection of the children, for conservatorship, and for termination of F.G.'s and C.G.'s parental rights. The Department was appointed temporary managing conservator of the children, and the parents were allowed limited access to, and possession of, the children.

At the conclusion of a trial on the merits, the jury found, by clear and convincing evidence, that F.G. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), and (Q) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between F.G. and the children was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between F.G. and the children be terminated. This appeal followed.[1]

---

[1] C.G.'s appeal of the termination of her parental rights has been delivered by this Court in a separate opinion.

<u>**ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA***</u>

F.G.'s counsel filed a brief in compliance with ***Anders***, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court previously held that ***Anders*** procedures apply in parental rights termination cases when the Department has moved for termination. *See* ***In re K.S.M.***, 61 S.W.3d 632, 634 (Tex. App.–Tyler 2001, no pet.). In compliance with ***Anders***, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See* ***Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; ***Mays v. State***, 904 S.W.2d 920, 922–23 (Tex. App.–Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See* ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); ***Mays***, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See* ***Taylor v. Tex. Dep't of Protective & Regulatory Servs.***, 160 S.W.3d 641, 646–47 (Tex. App.–Austin 2005, pet. denied).

<u>**DISPOSITION**</u>

We agree with F.G.'s counsel that the appeal is wholly frivolous. However, we ***overrule*** counsel's request to withdraw. *See* ***In re P.M.***, No. 15–0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016). In ***In re P.M.***, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." ***Id***. at *3. Accordingly, counsel's obligation to F.G. has not yet been discharged. *See* ***id***. If F.G., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief." ***Id***.; *see* ***A.C. v. Tex. Dep't of Family & Protective Servs***., No. 03–

---

[2] In compliance with ***Kelly v. State***, counsel for F.G. certified that he provided F.G. with a copy of the brief, informed him that he had the right to file his own brief, and took concrete measures to facilitate his review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); ***Matter of C.F.***, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). F.G. was given the time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

16–00543–CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–Austin Oct. 5, 2016, no pet.) (mem. op.).

Accordingly, we *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered November 5, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 5, 2018**

**NO. 12-18-00131-CV**

**IN THE INTEREST OF F.R.G. AND N.A.G., CHILDREN**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 2017-04-0235)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and, Neeley, J.*