# NO. 12-18-00222-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 392ND* |
| *E.R. AND V.V.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

B.V. appeals the termination of her parental rights. B.V.'s counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

B.V. is the mother of E.R. and V.V. G.R.[1] is the father of E.R., and G.H. is the father of V.V.[2] On October 11, 2017, the Department of Family and Protective Services (the Department) filed an original petition for protection of E.R. and V.V., for conservatorship, and for termination of B.V.'s, G.R.'s, and G.H.'s parental rights. The Department was appointed temporary managing conservator of the children, and the parents of each child were appointed temporary possessory conservators with limited rights and duties.

---

[1] The trial court found that G.R. was the father of E.R., appointed G.R. as the permanent managing conservator of E.R., and found such appointment to be in the best interest of the child. The father is not a party to this appeal.

[2] The trial court found that appointment of a parent as managing conservator would not be in the best interest of V.V. and appointed G.R., a non-parent, as permanent managing conservator of V.V. The trial court found this appointment to be in the best interest of the child.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that B.V. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D) and (E) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between B.V., E.R., and V.V. is in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between B.V., E.R., and V.V. be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

B.V.'s counsel filed a brief in compliance with *Anders*, stating that counsel has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See **In re K.S.M.***, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See **Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; ***Mays v. State***, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See **Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); ***Mays***, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[3] *See **Taylor v. Tex. Dep't of Protective & Regulatory Servs***., 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied).

---

[3] In compliance with ***Kelly v. State***, counsel for B.V. certified that he provided her with a copy of his brief, informed her of her right to file a pro se response, and took concrete measures to facilitate her review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). B.V. was given time to file her own brief, but the time for filing such brief has expired and no pro se brief has been filed.

## DISPOSITION

We agree with B.V.'s counsel that the appeal is wholly frivolous. However, counsel for B.V. has moved to withdraw. In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, counsel's obligation to B.V. has not yet been discharged. *See id*. We *overrule* B.V.'s counsel's motion to withdraw. If B.V., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28; *see also A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.)(mem. op.). We *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered January 16, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 16, 2019**

**NO. 12-18-00222-CV**

**IN THE INTEREST OF E.R. AND V.V., CHILDREN**

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. FAM17-0769-392)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, j.*