# NO. 12-18-00348-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW NO. 2* |
| *A.A., A CHILD* | | |
| | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

A.J.A. appeals the termination of his parental rights.  His counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

A.J.A. and B.E. are the parents of A.A.[1] On April 12, 2017, the Department of Family and Protective Services (the Department) filed an original petition for protection of the child, for conservatorship, and for termination of A.A.'s parental rights. The Department was appointed temporary managing conservator of the children, and the parents were allowed supervised visitation with the child.

At the conclusion of the trial on the merits, the jury found, by clear and convincing evidence, that A.J.A. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (O), and (P) of Texas Family Code Section 161.001(b)(1). The jury also found that termination of the parent-child relationship between A.A. and A.J.A. was in the child's best interest. Based on these findings, the trial court

---

[1] B.E. is not a party to this appeal.

ordered that the parent-child relationship between A.J.A. and A.A. be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

A.J.A.'s counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.–Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.–Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.–Austin 2005, pet. denied).

## DISPOSITION

We agree with A.J.A.'s counsel that the appeal is wholly frivolous.[3] Accordingly, we *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered March 29, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] Counsel for A.J.A. certified that he provided A.J.A. with a copy of the brief and informed him that he had the right to file his own brief and took concrete measures to facilitate his review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). A.J.A. was given the time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

[3] A.J.A.'s counsel recognizes that he may not withdraw and that his duty to A.J.A. does not end with this appeal. *See In re P.M.*, No. 15–0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-18-00348-CV**

**IN THE INTEREST OF A.A., A CHILD**

Appeal from the County Court at Law No. 2
of Angelina County, Texas (Tr.Ct.No. CV-00261-17-04)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*