# NO. 12-19-00054-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                            |   |                         |
|----------------------------|---|-------------------------|
| *IN THE INTEREST OF P.C.,* | § | *APPEAL FROM THE 411TH* |
| *A CHILD*                  | § | *JUDICIAL DISTRICT COURT* |
|                            | § | *TRINITY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

B.P. appeals the termination of her parental rights. Her counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

B.P. is the mother of P.C. On June 7, 2017, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of B.P.'s parental rights. The Department was appointed temporary managing conservator of the children, and B.P. was allowed limited access to P.C.

At trial, B.P. admitted she failed to complete her court-ordered service plan. She also admitted to using illegal drugs. She testified, in relevant part, as follows:

> Q. Okay. I'm going to go over some of this with you, okay? First and foremost, it says you'll maintain weekly contact with caseworker, right?
> A. Yes, ma'am.
> Q. And at one point in time, you quit communicating with them, didn't you?
> A. Yes, ma'am.
>
> . . .
>
> Q. You completed a substance abuse evaluation -- substance abuse through Mr. Hughes, right?
> A. Yes, ma'am.
> Q. And you relapsed, didn't you?
> A. Not for meth, no, ma'am.

Q. What did you test positive for?
A. Marijuana.
Q. It's a drug, isn't it?
A. Yes, ma'am.
Q. It's illegal, isn't it?
A. Yes, ma'am.
Q. Do you and Robert use marijuana together?
A. Yes.
Q. Do y'all use methamphetamine together?
A. No.
Q. You've tested positive for methamphetamine before, though, haven't you?
A. Yes, ma'am.
Q. During the pendency of this case, right?
A. Yes, ma'am.

At the conclusion of a trial on the merits, the trial court found, by clear and convincing evidence, that B.P. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), (O), and (P) of Texas Family Code Section 161.001(b)(1).  The trial court also found that termination of the parent-child relationship between B.P. and P.C. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between B.P. and P.C. be terminated. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

B.P.'s counsel filed a brief in compliance with *Anders*, stating that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.–Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.–Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might

arguably support the appeal.[1] *See **Taylor v. Tex. Dep't of Protective & Regulatory Servs.**, 160 S.W.3d 641, 646–47 (Tex. App.–Austin 2005, pet. denied).

**DISPOSITION**

We agree with B.P.'s counsel that the appeal is wholly frivolous. However, we deny counsel's request to withdraw. *See **In re P.M.**, No. 15–0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016). In **In re P.M.**, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id*. at *3. Accordingly, counsel's obligation to B.P. has not yet been discharged. *See **id**. If B.P., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an **Anders** brief." *Id*.; *see **A.C. v. Tex. Dep't of Family & Protective Servs**., No. 03–16–00543–CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we **affirm** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

**GREG NEELEY**
Justice

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] In compliance with **Kelly v. State**, counsel for B.P. certified that she provided B.P. with a copy of the brief, informed her that she had the right to file her own brief, and took concrete measures to facilitate her review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); **Matter of C.F.**, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). B.P. was given the time to file her own brief, but the time for filing such a brief has expired and we have received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 28, 2019**

**NO. 12-19-00054-CV**

**IN THE INTEREST OF P.C., A CHILD**

Appeal from the 411th District Court
of Trinity County, Texas (Tr.Ct.No. 22574)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*