# NO. 12-20-00234-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 173RD* |
| *D.L., F.P. AND F.P.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *HENDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

D.P. appeals the termination of her parental rights. Her counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

D.P. is the mother of D.L., F.P.1, and F.P.2. R.P. is the father of F.P.1 and F.P.2. D.L.1 is the father of D.L. On August 20, 2019, the Department of Family and Protective Services (the Department) filed an original petition for protection of the children, for conservatorship, and for termination of D.P.'s, R.P.'s, and D.L.1's parental rights. The Department was appointed temporary managing conservator of the children, and the parents were allowed limited access to, and possession of, the children.

The morning of the final trial, R.P. executed an affidavit of relinquishment of parental rights. He testified before the trial court that he felt relinquishing his parental rights was in his children's best interest because he is incarcerated and "there's nothing [he] can do for them." At the conclusion of trial, the trial court found, by clear and convincing evidence, that (1) R.P. filed an affidavit of relinquishment of parental rights in accordance with Section 161.001(b)(1)(K) of the Texas Family Code; and (2) termination of the parent-child relationship between D.P. and the

1

children was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between R.P. and F.P.1 and F.P.2 be terminated.

D.L.1 did not participate in the trial and did not file any responses or pleadings. The trial court found that D.L.1 had previously been adjudicated the father of D.L. The trial court further found that D.L.1 constructively abandoned D.L under Section 161.001(b)(1)(N) of the Texas Family Code and that termination of the parent-child relationship between D.L.1 and D.L. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between D.L.1 and D.L. be terminated.

The evidence at trial showed that D.P. allowed the children to stay with R.P. when she knew he was using methamphetamine. All three children also tested positive for methamphetamine. The evidence further supported a conclusion that D.P. used methamphetamine during the pendency of the case. D.P failed to comply with the Department's requests for drug testing, and she admitted to, and later recanted, using methamphetamine during the case. The evidence further showed that D.P. failed to comply with the Department's family service plan. At the conclusion of trial, the trial court found, by clear and convincing evidence, that D.P. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (E) and (O) of Texas Family Code Section 161.001(b). The trial court also found that termination of the parent-child relationship between D.P. and the children was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between D.P. and the children be terminated. This appeal followed.[1]

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

D.P.'s counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.–Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record

---

[1] D.P.1 and R.P are not parties to this appeal.

2

demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.–Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.–Austin 2005, pet. denied).

## DISPOSITION

We agree with D.P.'s counsel that the appeal is wholly frivolous. However, we deny counsel's request to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id*. Accordingly, counsel's obligations to D.P. have not yet been discharged. *See id*. If D.P., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id*.; *see A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03–16–00543–CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered January 29, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Counsel for D.P. certified that he provided D.P. with a copy of the brief and informed her that she had the right to file her own brief and took concrete measures to facilitate review of the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). D.P. was given the time to file her own brief, but the time for filing such brief has expired and we have received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 29, 2021**

**NO. 12-20-00234-CV**

**IN THE INTEREST OF D.L., F.P. AND F.P., CHILDREN**

Appeal from the 173rd District Court
of Henderson County, Texas (Tr.Ct.No. FAM19-0612-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*