# NO. 12-21-00077-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF J.M.,* | § | *APPEAL FROM THE* |
|  | § | *COUNTY COURT AT LAW NO. 2* |
| *A CHILD* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

L.D. appeals the termination of her parental rights.  Her counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We affirm.

## BACKGROUND

L.D. is the mother of J.M., and K.M. is the father of J.M.[1]  On August 9, 2019, the Department of Family and Protective Services (the Department) filed an original petition for protection of the child, for conservatorship, and for termination of L.D.'s and K.M.'s parental rights.  The Department was appointed temporary managing conservator of the child, and the parents were allowed limited access to, and possession of, the child.

During the final trial, K.M. executed an affidavit of relinquishment of parental rights. He testified before the trial court that after listening to the evidence during the trial, he felt relinquishing his parental rights was in his child's best interest.  At the conclusion of trial, the trial court found, by clear and convincing evidence, that (1) K.M. filed an affidavit of relinquishment of parental rights in accordance with Section 161.001(b)(1)(K) of the Texas Family Code; and (2) termination of the parent-child relationship between K.M. and J.M. was in the child's best interest.

---

[1] K.M. is not a party to this appeal.

Based on these findings, the trial court ordered that the parent-child relationship between K.M. and J.M. be terminated.

L.D. did not personally appear at trial; she appeared through her attorney. The evidence at trial showed that J.M. was born prematurely and her meconium tested positive for marijuana. L.D. had an extensive drug history. L.D. refused to comply with drug testing throughout the case. In addition, Jennifer Parker, the Department's caseworker testified that L.D. did not appear to understand what was happening when they conversed. L.D. would make irrational remarks, including insisting that J.M. had been sold on Facebook, and accused Parker and J.M.'s foster parent of torturing J.M. L.D. refused to comply with substance abuse and mental health treatment plans. The evidence further showed that L.D. failed to comply with the Department's family service plan. At the conclusion of trial, the trial court found, by clear and convincing evidence, that L.D. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), and (N) of Texas Family Code Section 161.001(b). The trial court also found that termination of the parent-child relationship between L.D. and J.M. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between L.D. and the J.M. be terminated. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

L.D.'s counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.–Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.–Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might

arguably support the appeal.[2]  *See **Taylor v. Tex. Dep't of Protective & Regulatory Servs.***, 160 S.W.3d 641, 646–47 (Tex. App.–Austin 2005, pet. denied).

## DISPOSITION

We agree with L.D.'s counsel that the appeal is wholly frivolous. However, we deny counsel's request to withdraw.  *See **In re P.M.***, 520 S.W.3d 24, 27 (Tex. 2016).  In ***In re P.M.***, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review."  ***Id***.  Accordingly, counsel's obligations to L.D. have not yet been discharged.  *See **id***. If L.D., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief."  ***Id***.; *see **A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03–16–00543–CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–Austin Oct. 5, 2016, no pet.) (mem. op.).  Accordingly, we ***affirm*** the trial court's judgment.  *See* TEX. R. APP. P. 43.2.

Opinion delivered October 6, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Counsel for L.D. certified that he provided L.D. with a copy of the brief and informed her that she had the right to file her own brief and took concrete measures to facilitate review of the record.  *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); ***In the Matter of C.F.***, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.).  L.D. was given the time to file her own brief, but the time for filing such brief has expired and we have received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 6, 2021**

**NO. 12-21-00077-CV**

**IN THE INTEREST OF J.M., A CHILD**

Appeal from the County Court at Law No. 2

of Angelina County, Texas (Tr.Ct.No. CV-00475-19-08)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*