# NO. 12-21-00120-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF J.W.,* | § | *APPEAL FROM THE 173RD* |
| *A CHILD* | § | *JUDICIAL DISTRICT COURT* |
| | § | *HENDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

C.W. appeals the termination of his parental rights. His counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

C.W. is the father of J.W., and L.N. is the mother of J.W.[1] On January 23, 2019, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of C.W.'s and L.N.'s parental rights. The Department was appointed temporary managing conservator of the child, and the parents were allowed limited access to, and possession of, the child.

Prior to trial, L.N. executed an affidavit of relinquishment of parental rights. Following a progress hearing, the trial court found, by clear and convincing evidence, that (1) L.N. executed an affidavit of relinquishment of parental rights in accordance with Section 161.001(b)(1)(K) of the Texas Family Code; and (2) termination of the parent-child relationship between L.N. and J.W. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between L.N. and J.W. be terminated.

---

[1] L.N. is not a party to this appeal.

The evidence at trial showed C.W. had a history of inappropriate discipline against J.W. The Department had four prior investigations, three of which concerned inappropriate discipline. In one incident, J.W. was treated at a local emergency room for a broken finger. J.W. told the hospital staff that she was afraid of C.W. According to J.W., her finger was broken by C.W. dragging her out of the room for not wanting to go to church. When C.W. let go, she ran back to the room, C.W. followed her and tried to spank her. When J.W. put her hand back in defense, C.W. broke her finger. C.W. confirmed that J.W.'s finger was broken in a spanking. The current case began in November 2018, when J.W. complained that C.W. is very angry and abusive both mentally and physically. He called her names such as "bitch, stupid, and idiot," as well as telling her, "I wish you were never born." There were also allegations of marijuana use by C.W. The evidence further showed that C.W. refused to comply with a substance abuse plan. He regularly stated that his marijuana use was "medicinal" and refused to quit. He also routinely failed to submit to drug testing. C.W. refused parenting classes, failed to take ordered drug tests, refused to participate in anger management, did not attempt parent collaboration group, and failed to demonstrate stable housing. At the conclusion of trial, the jury found, by clear and convincing evidence, that C.W. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), and (O) of Texas Family Code Section 161.001(b). The jury also found that termination of the parent-child relationship between C.W. and J.W. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between J.W. and C.W. be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

C.W.'s counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See **In re K.S.M.***, 61 S.W.3d 632, 634 (Tex. App.–Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that

2

might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.–Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.–Austin 2005, pet. denied).

### DISPOSITION

We agree with C.W.'s counsel that the appeal is wholly frivolous. However, we deny counsel's request to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id*. Accordingly, counsel's obligations to C.W. have not yet been discharged. *See id*. If C.W., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id*.; *see A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03–16–00543–CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered November 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Counsel for C.W. certified that he provided C.W. with a copy of the brief and informed him that he had the right to file his own brief and took concrete measures to facilitate review of the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). C.W. was given the time to file his own brief, but the time for filing such brief has expired and we have received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 10, 2021**

**NO. 12-21-00120-CV**

**IN THE INTEREST OF J.W., A CHILD**

---

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. FAM19-0049-173)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*