# NO. 12-23-00010-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW NO. 2* |
| *K.Z.C., A CHILD* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

D.C. appeals the termination of her parental rights.  D.C.'s counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We affirm.

### BACKGROUND

D.C. is the mother of K.Z.C.[1]  On June 17, 2021, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of the parental rights of D.C.  The Department was appointed temporary managing conservator of K.Z.C., and D.C. was allowed limited access to, and possession of, K.Z.C.

The evidence at trial showed that D.C. testified positive for marijuana, PCP, and methamphetamine when she was approximately five months pregnant with K.Z.C.  In addition, the evidence showed that D.C. failed to complete a court-ordered substance abuse treatment program.  D.C. again tested positive for illegal substances in July and September 2022, after K.Z.C.'s birth.  The evidence also showed that D.C. signed a voluntary relinquishment of her parental rights.  K.Z.C. is in a foster home with his brothers, and he is doing well in that placement.

---

[1] K.Z.C.'s father is deceased.

Furthermore, the evidence showed that K.Z.C.'s maternal great aunt wishes to adopt him and his brothers.

At the conclusion of the trial, the trial court found, by clear and convincing evidence, that D.C. knowingly placed or allowed the child to remain in conditions that endangered his physical or emotional wellbeing, knowingly engaged in conduct that endangered the child's physical or emotional wellbeing, executed an unrevoked or irrevocable affidavit of relinquishment of her parental rights, failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, and used a controlled substance in a manner that endangered K.Z.C.'s health or safety, and that termination of D.C.'s parental rights is in K.Z.C.'s best interest. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (K), (O), (P) (West 2022). Based on these findings, the trial court ordered that the parent-child relationship between D.C. and K.Z.C. be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

D.C.'s counsel filed a brief in compliance with *Anders*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

---

[2] Counsel for D.C. certified that he provided D.C. with a copy of the brief and informed her that she had the right to file her own brief and took concrete measures to facilitate her review of the record. *See Kelly v. State*, 436

## DISPOSITION

We agree with D.C.'s counsel that the appeal is wholly frivolous.[3]  Accordingly, we *affirm* the trial court's judgment.  *See* TEX. R. APP. P. 43.2.

Opinion delivered March 22, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.).  D.C. was given the time to file her own brief, but the time for filing such a brief has expired, and we have not received a pro se brief.

[3] After filing an *Anders* brief, D.C.'s attorney did not file a motion to withdraw, and counsel's obligations to D.C. have not yet been discharged.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding that the right to counsel in suits seeking termination of parental rights extends "to all proceedings in [the Texas Supreme Court], including the filing of a petition for review.").  If D.C., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id*. at 27-28; *see A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 22, 2023**

**NO. 12-23-00010-CV**

**IN THE INTEREST OF K.Z.C., A CHILD**

Appeal from the County Court at Law No. 2

of Angelina County, Texas (Tr.Ct.No. CV-01125-21-06)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*