# NO. 12-23-00174-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | *§* | *APPEAL FROM THE* |
| *S.S.K., A CHILD* | *§* | *COUNTY COURT AT LAW NO. 2* |
| | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

S.K. appeals the termination of her parental rights. S.K.'s counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

S.K. is the mother of S.S.K. The Department of Family and Protective Services, (the Department), filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship on January 19, 2022. The Department became Temporary Managing Conservators of the child following an adversary hearing on February 17, 2022. The trial court subsequently signed an order to retain the suit on the court's docket on March 6, 2023. The trial court held a trial on April 25, 2023.

Amanda Holster testified at trial that as a caseworker for the Department, she prepared and filed a Family Plan of Service for S.K. but was unable to arrange a meeting with her despite repeated attempts. Holster recalled that S.K. violated the court's orders by not completing her Family Plan of Service and had not seen the child during the case. Holster felt that failing to see the child was harmful to the child, tried to reach out to S.K. to work her plan and see her child, and requested the court terminate the parental rights between S.K. and the child. Holster testified that the foster family planned to adopt the child and felt it was in the child's best interest to terminate

the parental rights between S.K. and the child so the foster family could adopt the child. The foster family had already adopted S.S.K.'s half-sibling.

Lora Huerta, S.S.K.'s Court Appointed Special Advocate (CASA), also testified that she believed it was in the child's best interest for the parental rights between S.K. and S.S.K. to be terminated. After the trial, the Court terminated the parental rights between S.K. and S.S.K.

The child's ad litem and S.K.'s trial counsel filed a request for trial de novo, which was held on May 19, 2023.[1] As with the initial trial, S.K. did not appear despite being notified by trial counsel. The trial court took judicial notice of the record in the initial trial. Additionally, Holster testified that S.S.K. came into the Department's care because of S.K.'s continued drug use. Holster stated that S.K. did not work court ordered services, noting that S.K. failed to test negative or test at all when requested, conduct an Alcohol and Drug Abuse Council (ADAC) assessment and follow any recommended treatment, complete a psychosocial and follow up with any recommended treatment, and obtain and maintain housing and employment. Holster believed the foster parent wanted to adopt the child. Holster requested the Court terminate the parent-child relationship between S.K. and S.S.K. She felt that it was in the child's best interest to terminate the parent-child relationship between S.K. and the child because of S.K.'s noncompliance with court orders.

On cross-examination by S.K.'s trial counsel, Holster recalled S.S.K. tested positive for methamphetamine at birth and believed termination of the parent-child relationship was in the child's best interest because S.K. was not protective of S.S.K. by allowing her to be exposed to drugs, failed to demonstrate that she could be a parent by working the family plan of service, did not provide a stable home, failed to provide proof of employment, and knew the foster parent would adopt S.S.K. Huerta also testified that S.K. failed to maintain visits with the child, recommended the parental rights between S.K. and S.S.K. be terminated, and opined that termination was in S.S.K.'s best interest.

Ashley Smith, one of S.S.K.'s foster parents, testified that she and her husband adopted S.S.K.'s half-sibling. She also testified that S.S.K. resided with them since she left the hospital

---

[1] The parties were unsure whether T.A. or T.L. is S.S.K.'s father. After the initial trial, T.A. submitted to paternity testing, which showed that he was 99.998% the biological father of S.S.K. The trial court determined paternity, concluding that T.A. is S.K.'s biological father. The trial court also terminated T.A.'s parental rights in the trial de novo, but he did not appeal that order, and is not a party to this appeal.

after birth, they planned to adopt her, and recalled S.K. failed to work services to get her other child back. Finally, the ad litem recommended termination of the parent-child relationship between S.K. and the child.

At the conclusion of trial, the trial court found, by clear and convincing evidence, that S.K.: (1) knowingly placed or allowed S.S.K. to remain in conditions that endangered her physical or emotional wellbeing, (2) knowingly engaged in conduct that endangered the child's physical or emotional wellbeing, (3) constructively abandoned the child, (4) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain S.S.K.'s return, and (5) used a controlled substance in a manner that endangered the health or safety of the child and failed to complete a court-ordered substance abuse treatment program.[2] The trial court also found, by clear and convincing evidence, that termination was in the best interest of S.S.K. Based on these findings, the trial court ordered that the parent-child relationship between S.K. and S.S.K. be terminated. Accordingly, the trial court signed the Order of Termination on June 20, 2023. This appeal followed.

### ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

S.K.'s counsel filed a brief in compliance with *Anders*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might

---

[2] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), (P) (West 2022).

arguably support the appeal.[3]  *See **Taylor v. Tex. Dep't of Protective & Regulatory Servs.**,* 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

### DISPOSITION

We agree with S.K.'s counsel that the appeal is wholly frivolous.[4]  Accordingly, we ***affirm*** the trial court's judgment.  *See* TEX. R. APP. P. 43.2.

Opinion delivered October 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] Appellant's counsel certified that he provided Appellant with a copy of the brief, informed her that she had the right to file her own brief, and took concrete measures to facilitate her review of the record.  *See **Kelly v. State**,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); ***In the Matter of C.F.***, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.).  Appellant was given time to file her own brief, but the time for filing such a brief expired, and we received no pro se brief.

[4] After filing an ***Anders*** brief, S.K.'s attorney filed a motion to withdraw.  However, counsel's obligations to S.K. have not yet been discharged.  *See **In re P.M.**,* 520 S.W.3d 24, 27 (Tex. 2016) (holding that the right to counsel in suits seeking termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review.").  If Appellant, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief."  *Id.* at 27-28; *see **A.C. v. Tex. Dep't of Family & Protective Servs.**,* No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2023**

**NO. 12-23-00174-CV**

**IN THE INTEREST OF S.S.K., A CHILD**

Appeal from the County Court at Law No 2
of Angelina County, Texas (Tr.Ct.No. CV-00032-22-01)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*