# NO. 12-24-00039-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| *L.S.S., A CHILD* | § | *COUNTY COURT AT LAW NO. 2* |
| | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

M.S. appeals the termination of his parental rights. His counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

M.S. is the father of L.S.S. and D.G. is the child's mother.[1] On March 30, 2023, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of M.S.'s and D.G.'s parental rights. The Department was appointed temporary managing conservator of L.S.S., D.G. was appointed possessor conservator of L.S.S, and M.S. was granted supervised visitation of L.S.S. The trial court further ordered M.S. undergo a psychological evaluation. Prior to trial, M.S.'s in-person visitation was suspended, but he was allowed virtual visitation once per week observed by a therapist.

At the bench trial, the evidence showed that M.S. previously took L.S.S. to the Texas Children's Emergency Center for possible poisoning. Both M.S. and L.S.S. believed that various

---

[1] D.G. is not a party to this appeal.

people were attempting to poison their food. M.S. repeatedly claimed that the Drug Enforcement Agency (DEA) was attempting to poison him, that D.G. worked with the DEA to poison him, and that D.G. had someone break into his home to poison his water. M.S. was diagnosed with delusional disorder, persecutory type, after his psychological evaluation. The psychologist testified that M.S. "believes people are out to get him" and that passing those delusions onto his child would be harmful to the child. D.G. also testified that M.S. has been keeping L.S.S. away from her for the last three years, despite D.G.'s efforts to locate the child. She further testified that M.S. had been violent in the past.

At the conclusion of trial, the trial court found, by clear and convincing evidence, that M.S. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D) and (E) of Texas Family Code Section 161.001(b).[2] The trial court also found that termination of the parent-child relationship between M.S. and L.S.S. is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between M.S. and L.S.S. be terminated. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

M.S.'s counsel filed a brief in compliance with *Anders*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that

---

[2] On the record, the trial court stated it was terminating pursuant to (D), (E), and (O) of Texas Family Code Section 161.001(b); however, the written order only reflects subsections (D) and (E).

might arguably support the appeal.[3]  *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

## DISPOSITION

We agree with M.S.'s counsel that the appeal is wholly frivolous.  In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review."  *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).  Accordingly, counsel's obligations to M.S. have not yet been discharged.  *See id*. If M.S., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *Id*.; *see A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16099543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.).  Accordingly, we *affirm* the trial court's judgment.  *See* TEX. R. APP. P. 43.2.

Opinion delivered May 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] Counsel for M.S. certified that he provided M.S. with a copy of the brief and informed him that he had the right to file his own brief and took concrete measures to facilitate review of the record.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.).  M.S. was given the time to file his own brief, but the time for filing such brief has expired and we received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-24-00039-CV**

**IN THE INTEREST OF L.S.S., A CHILD**

Appeal from the County Court at Law No 2
of Angelina County, Texas (Tr.Ct.No. CV-00151-23-03)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*